UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GEORGE CONWILL                                             PLAINTIFF

v.                                                 Civil Action No..:   1:23cv348 TBM-RPM

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY
NUMBER LSP600008643A                                       DEFENDANT

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Certain Underwriters at Lloyd's London, Subscribing to Policy Number LSP600008643A ("Defendant"), by and through undersigned counsel, hereby files this Notice of Removal of this action from the Circuit Court of Jackson County, Mississippi to the United States District Court of Mississippi, Southern Division, the district and division in which includes Jackson County, the county in which the state court action is now pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§1332, 1441, and 1446. In support hereof Defendant respectfully shows this Court:

### Civil Action Removed

1. On September 7, 2023, George Conwill ("Plaintiff") commenced a hurricane action against Defendant in Jackson County, Mississippi, entitled *George Conwill vs. Certain Underwriters at Lloyd's London Subscribing to Policy Number LSP600008643A* (the "State Court Case"). *See* Plaintiff's Complaint attached hereto as **Exhibit A**.

### Timeliness of Removal

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days from the time that Plaintiff was served with "other paper" from which Defendant could ascertain that this case is removable.

3. The case was not removable based on Plaintiff's initial pleading solely because the

amount in controversy requirement did not appear to be met.

4. On November 16, 2023, Plaintiff served on Defendant his responses to Requests for Admission which included information relating to the amount in controversy. From these responses Defendant ascertained that the case had become removable. This removal is filed within 30 days of November 16, 2023.

### Notice to State Court

5. Concurrent with the filing of this Notice, Defendant will also file with the Circuit Court of Jackson County, Mississippi, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. As per 28 U.S.C.A. §1446(d), no further proceedings shall be had in the Circuit Court of Jackson County, Mississippi. Pursuant to 28 U.S.C.A. §1446 and the Local Rules of Court, a true and correct copy of the certified record of the state-court proceedings will be timely filed as a separate item.

6. Plaintiff has requested a trial by jury in the State Court Case.

7. Defendant has filed contemporaneously with this Notice a civil cover sheet.

### Notice to Plaintiff

8. Consistent with 28 U.S.C. §1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

### Basis for Removal

**A.   Diversity of Citizenship**

9. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§1441 and 1446.

10. According to the Complaint, the Plaintiff is a resident citizen of the State of Mississippi. *See* **Ex. A,** Compl**.** ¶ 1.

11. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. §1332(c)(1).

12. Certain Underwriters at Lloyd's, London was and is an English corporation incorporated, domiciled, and with its principal place of business in England. However, for diversity purposes, its citizenship is irrelevant as the Fifth Circuit has previously described the unusual nature of Lloyd's operating model and labeled the task of determining the citizenship of Lloyd's as the "Lloyd's citizenship conundrum". As the Court recognized, "a policyholder insures *at* Lloyd's, but not *with* Lloyd's." *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003). So instead, when determining the diversity of citizenship of the parties, any and all Names subscribing to the policy must be examined.

13. Chubb Global Markets Syndicate 2488 was and is a corporation, domiciled, and with its principal place of business in the United Kingdom, London, England.

14. Chubb Global Markets Syndicate 2488, is a single-Name syndicate and the only Name subscribing to Plaintiff's alleged homeowner's insurance policy, Policy Number LSP600008643A. Chubb Global Markets insures 100% of the risk for the policy.

15. Complete diversity exists in this case and removal is proper because Plaintiff, George Conwill, is a citizen of Mississippi, Defendant, Chubb Global Markets Syndicate 2488, being a single-Name Syndicate and the only Name subscribing to the subject policy, is a citizen of England.

        **B.    The amount in controversy exceeds the federal minimum jurisdictional requirements**

16. Plaintiff's Complaint in the State Court Case contends that the subject property located at 107 Ashley Place, Ocean Springs, Mississippi 39564 (the "Insured Property") is insured under a policy of homeowner's property insurance issued by Defendant, identified as Policy No.:

LSP600008643A, to Plaintiff George Conwill. *See* **Exhibit A**, Compl. at ¶¶ 5-6. Plaintiff's Complaint contends that the property "sustained damage from strong winds causing significant damage" on or about April 14, 2021. *See* **Exhibit A**, Compl. at ¶¶ 7. Plaintiff's Complaint further alleges that Defendant breached the policy by *inter alia* failing to issue full payment for the alleged loss. *See* **Ex. A**, Compl. at ¶ 21.

17. Plaintiff's Complaint seeks compensatory damages in an amount to be determined at trial, punitive damages, accrued interest, reasonable attorney's fees, expenses, and all costs of this action. *See* **Ex. A,** Compl. ¶ 45.

18. Plaintiff did not aver in his Complaint that the amount in controversy exceeded $75,000.00. When a complaint does not allege a specific amount of damages, removal is proper if the removing defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See e.g. *Michell v. Wal-Mart Stores E., LP*, No. 3:19-cv-329-DPJ-FKB, 2019 WL 13201978, at *3 (F.D. Miss. Aug. 8, 2019). The Court can consider summary judgment-type evidence to determine if the amount in controversy is met if it is not facially apparent from the Complaint. *Id.* Courts in the Southern District of Mississippi routinely accept state-court discovery responses that speak to the plaintiff's intent to seek more than the jurisdictional amount as appropriate evidence to conclude that the amount-in-controversy requirement is met. *Id.*

19. As such, Defendant served Requests for Admission regarding the amount in controversy when it answered Plaintiff's Complaint.

20. In response to the Requests for Admission, Plaintiff denied that his damages do not exceed $75,000.00, exclusive of interest and costs. He denied that he would not accept a total sum of greater than $75,000.00, exclusive of interest and costs, even if awarded by a jury. He denied that he would not seek a total verdict in excess of $75,000.00, exclusive of interest and costs. He

also denied that he would never seek to amend his Complaint to seek damages exceeding $75,000.00, exclusive of interest and costs. *See* Plaintiff's Responses to Defendant's Requests for Admissions attached hereto as **Exhibit B**.

21. Plaintiff could avoid removal by showing with legal certainty that his claim is for less than $75,000.00. *Id*. But he has failed to do so, and his responses to the Requests for Admission combined with his allegations of "significant damage" establish by a preponderance of the evidence that the jurisdictional requirement is met.

22. Accordingly, while Defendant disputes that any additional monies are due and owing to Plaintiff in accordance with the terms, conditions, and exclusions of the Policy No.: LSP600008643A, the current amount in dispute exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

23. Thus, the state court action may be removed to this Court by the removing Defendant in accordance with the provisions of 28 U.S.C. §1441(a) because (i) this action is a civil action pending within the United States District Court for the Southern District of Mississippi, Southern Division, (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant prays that the above-described action now pending in the Circuit Court of the Jackson County, Mississippi, be removed to this Court.

Respectfully submitted,

BY: */s/ M. Garner Berry*
      OF COUNSEL

OF COUNSEL:
M. Garner Berry, Esq. (MSB #100968)
Sarah C. McMillin (MSB #100310)
Chartwell Law
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 277-6880
Facsimile: (610) 666-7704
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 4th day of December, 2023.

Gilbert Fontenot
Maples & Fontenot, LLP
P.O. Box 1281
Mobile, Alabama 36633
gus@maplesfontenot.com
*Attorney for Plaintiff*

                                                */s/ M. Garner Berry*
                                                M. Garner Berry, Esq.